IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

AUSTYN WILSON

     Plaintiff,

v.

                        Case No.  2:22-CV-195-RWS-JCF

CRACKER BARREL OLD
COUNTRY STORE, INC.,

     Defendant

## COMPLAINT

Plaintiff AUSTYN WILSON ("Plaintiff"), by and through counsel,

brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C.§

2000e, *et seq*., as amended, and the Civil Rights Act of 1991 (collectively

("Title VII") and Georgia law against Defendant CRACKER BARREL OLD

COUNTRY STORE, INC. ("Defendant" or "Cracker Barrel"), showing as

follows:

## PARTIES, JURISDICATION, VENUE, & PROCEDURAL PREREQUISITES TO SUIT

1.

Plaintiff is a citizen of the United States and resides in Gwinnett

County, Georgia.  Plaintiff is a woman.

1

2.

Defendant is a Tennessee corporation authorized and registered to do business in the State of Georgia and doing business in the State of Georgia, including the Northern District of Georgia.  Defendant's registered agent in the State of Georgia is The Corporation Company (FL), and Defendant's registered address in the State of Georgia is 106 Colony Park Drive, Ste. 800-B, Cumming, Forsyth County, Georgia 30046-4805, within the Gainesville Division of the Northern District of Georgia.  LR 3.1.A. and App. A, I NDGa.

3.

Defendant may be served with process through its registered agent in the State of Georgia.

4.

This Court has subject matter jurisdiction for the claims in this action under Title VII pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

5.

This Court has supplemental jurisdiction over Plaintiff's claims under Georgia law for intentional infliction of emotional distress, negligence, punitive damages, and attorney's fees pursuant to 28 U.S.C. § 1367(a) because those claims are so related to claims in this action under federal statutes that they form part of the same case or controversy.

6.

Additionally, this Court has jurisdiction over Plaintiff's claims under Georgia law for intentional infliction of emotional distress, negligence, punitive damages, and attorney's fees on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  Plaintiff and Defendant are citizens of different states, and the sum in controversy exceeds $75,000.00.

7.

Defendant is subject to the personal jurisdiction of this Court.

8.

Venue is proper in the United States District Court for the Northern District of Georgia, Gainesville Division, pursuant to 28 U.S.C. § 1391(b), 42 U.S.C. § 2000e-5(f)(3), and LR 3.1.B. NDGa.

9.

Defendant is a corporation engaged in an industry affecting commerce which has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.  Defendant is an employer as defined by Title VII.  42 U.S.C. § 2000e(b).

10.

Plaintiff has satisfied all conditions precedent to jurisdiction and filing this action.  Plaintiff filed a Charge of Employment Discrimination with the

Equal Employment Opportunity Commission ("EEOC") asserting

discrimination and harassment on the basis of sex within 180 days of the

discriminatory acts forming the basis of Plaintiff's claims.  The EEOC issued

Plaintiff a Notice of Right to Sue (Issued upon Request) on June 27, 2022, a

true and accurate copy of which is attached hereto as Exhibit A.  Plaintiff

files this action within 90 days of her receipt of the Notice of Right to Sue.

<u>FACTUAL ALLEGATIONS</u>

11.

Plaintiff was employed by Cracker Barrel at Cracker Barrel Store

Number 641 in Buford, Georgia.  Plaintiff began working at Cracker Barrel

Store Number 641 in 2016.

12.

Plaintiff endured sexual harassment in the workplace at the hands of a

fellow employee, Amos Carson.

13.

In 2018, Plaintiff began experiencing aggressive harassment from Mr.

Carson.  At that time, Plaintiff was working for Cracker Barrel full time.  Mr.

Carson's actions included inappropriate comments aimed at Plaintiff that

were both sexual and threatening in nature, inappropriate touching of

Plaintiff's intimate areas in the workplace without Plaintiff's consent,

4

spreading false rumors of a sexual nature about Plaintiff to coworkers, harassing Plaintiff on the job and after hours, and refusing to stop contacting Plaintiff despite Plaintiff's repeated requests that he stop.

14.

Plaintiff reported the sexual harassment to Cracker Barrel in accordance with its employee policies on numerous occasions, but Cracker Barrel did not remedy the harassment.

15.

Due to the harassment and rumors, Plaintiff suffered ridicule, bullying, and ostracism from her coworkers.  Plaintiff began feeling physically sick when she had to go to work, resulting in Plaintiff having to leave shifts on occasion.

16.

Plaintiff reported the harassment to multiple managers, including then General Manager Eric Gaul and Assistant Manager Michelle Faughtenberry. Assistant Manager Faughtenberry told Plaintiff to "suck it up," "brush it off," "just ignore it," and to "keep your mouth shut about this and leave it be."  Ms. Faughtenberry told Plaintiff that she could not control what employees did and that Plaintiff could quit, transfer, or ignore everything until it "died down."

17.

After Plaintiff reported Mr. Carson's actions to Ms. Faughtenberry, Ms. Faughtenberry was hostile towards Plaintiff. Because of the harassment, Plaintiff chose to reduce her employment from full time to weekends only.

18.

In or about late October or early November 2020, Plaintiff reported the harassment to General Manager Michael Westhafer (who had replaced Eric Gaul), who contacted the Employee Relations Department and asked that Plaintiff write a statement. Plaintiff wrote a statement about the harassment, which is attached as Exhibit B, all of which is true and accurate. On October 26, 2020, Plaintiff's mother sent the statement to Michael Westhafer by text message. Angela Brown from the Employee Relations Department then contacted Plaintiff. Plaintiff provided Mr. Carson's text messages to Ms. Brown. Ms. Brown's response was that Plaintiff could seek a restraining order against Mr. Carson. To Plaintiff's knowledge, the only repercussion that Mr. Carson received was probation.

19.

After Plaintiff reported the harassment to Mr. Westhafer, which was on a Saturday in or about late October or early November 2020, Mr. Westhafer told Plaintiff that he would tell Mr. Carson to not come to work the following

day so Plaintiff could come to work.  He later told Plaintiff it would be best if Plaintiff took Sunday off so she would not have to be in the same building as Mr. Carson because corporate would not allow him to call Mr. Carson off work on Sunday.  So Plaintiff's employment was relegated to Saturdays only. But for Plaintiff being prohibited from working on Sunday, she would have worked Saturdays and Sundays.  But for the harassment, Plaintiff would have continued working for Cracker Barrel full time.

20.

The harassment on occasion took the form of texts messages from Mr. Carson to Plaintiff.  Plaintiff provided the text messages to Ms. Brown.

21.

Plaintiff went to the Cracker Barrel store to pick up an Employee Handbook on January 28, 2021.  Mr. Carson was at the store while Plaintiff was there.  Mr. Carson called Plaintiff that night and started talking. Plaintiff hung up immediately.

22.

The Field Employee Handbook of Cracker Barrel includes a Policy against Sexual Harassment and Other Workplace Harassment, Discrimination, and Retaliation.  The policy forbids "gender-based harassment" including "(1) offensive sex-oriented verbal kidding, teasing or

jokes, (2) repeated unwanted sexual flirtations, advances or propositions, (3)

verbal abuse of a sexual nature, (4) graphic or degrading comments about an

individual's appearance or sexual activity, (5) offensive visual conduct,

including leering, making sexual gestures, the display of offensive sexually

suggestive objects or pictures, cartoons or posters, (6) unwelcome pressure for

sexual activity, (7) offensively suggestive or obscene letters, notes or

invitations, (8) offensive physical contact such as patting, grabbing, pinching,

or brushing against another's body, and (9) sexual favoritism" (see Handbook

p. 15, "Sexual Harassment").  Plaintiff was subject to actions that meet

examples (1) through (8).

23.

Plaintiff complied with Defendant's company policy by reporting Mr.

Carson's conduct to Defendant as provided by the Employee Handbook.

Defendant did not discipline Mr. Carson by dismissing him, reassigning him,

retraining him, or taking other appropriate measures, which is required by

Company policy.  Plaintiff suffered retaliation for reporting the harassment

to Defendant.

24.

Plaintiff continued to endure harassment from Mr. Carson to the extent

that Plaintiff submitted a resignation letter to Mr. Westhafer in July 2021,

which provided Plaintiff's two-week notice.

25.

Mr. Westhafer and Plaintiff discussed Plaintiff's decision to resign during a private meeting in Mr. Westhafer's office. During that meeting, Mr. Westhafer encouraged Plaintiff to take a few days to reconsider, as he wanted Plaintiff to remain at Cracker Barrel. Mr. Westhafer stated that the behavior exhibited by Mr. Carson was inappropriate, but that in his experience, individuals like him are not uncommon. Thereafter, Plaintiff notified Mr. Westhafer that she would be withdrawing her resignation, which was acknowledged by Mr. Westhafer.

26.

In light of Cracker Barrel's forthcoming intention to serve alcohol in its stores, Mr. Westhafer requested that Plaintiff get her "ServSafe" certification on July 31, 2021. Plaintiff completed her certification and was paid for the time required to complete it.

27.

On August 1, 2021, Plaintiff texted a retail manager and ETC trainer of Cracker Barrel to confirm that Plaintiff completed her ServSafe certification so that she would be put on the work schedule. Plaintiff never received a response and was not put on the work schedule.

9

28.

Plaintiff texted Ms. Faughtenberry, requesting a reason for why Plaintiff had not been scheduled to work.  Ms. Faughtenberry did not respond to Plaintiff's text message.

29.

Plaintiff thereafter tried to confirm her work schedule through Cracker Barrel's employee portal.  However, Plaintiff no longer had access to the portal.

30.

Despite Plaintiff's efforts to understand the reason for her removal from the schedule and lack of access to the employee portal, Plaintiff never received a response from Cracker Barrel.

31.

Defendant stopped scheduling Plaintiff for work.

32.

Plaintiff never received any documentation that Cracker Barrel may or may not have submitted to the Department of Labor regarding her employment.

33.

Cracker Barrel's silence indicated to Plaintiff that Cracker Barrel

terminated Plaintiff's employment at no fault of Plaintiff.

34.

Defendant stopping scheduling Plaintiff for work and terminating her employment constitutes unlawful retaliation for Plaintiff reporting sexual harassment.

35.

Due to the hostile work environment at Cracker Barrel Store Number 641, Plaintiff has suffered humiliation and anxiety, which caused Plaintiff to lose an unhealthy amount of weight.  Plaintiff sought treatment from a gastroenterologist and a psychologist to help cope with the physical and psychological effects of the harassment.  Consequently, Plaintiff incurred medical bills that she would not have incurred if the harassment had been properly handled by the Company.

36.

After Defendant terminated Plaintiff's employment, Plaintiff secured new employment.

37.

While Plaintiff is grateful for her new employment, Plaintiff has been unable to secure new employment with compensation and benefits similar to

or exceeding the compensation and benefits she received immediately prior to Defendant's termination of her employment.

COUNT ONE

VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND

THE CIVIL RIGHTS ACT OF 1991

38.

Plaintiff incorporates by reference paragraphs 1 through 37 of this Complaint as if set forth herein verbatim.

39.

Defendant subjected Plaintiff to sexual harassment and a hostile work environment in violation of Title VII.

40.

Defendant treated Mr. Carson, a male who engaged in sexual harassment, more favorably than it treated Plaintiff, who reported the sexual harassment, on the basis of sex.

41.

Defendant failed to remedy the sexual harassment and hostile work environment endured by Plaintiff, which Plaintiff reported to Defendant.

42.

Defendant refused to enforce its own policies which Mr. Carson violated at the expense of and damage to Plaintiff.

43.

Defendant retaliated against Plaintiff for reporting sexual harassment and a hostile work environment, in violation of Title VII, by belittling Plaintiff and her reports, requiring that Plaintiff not work Sundays so Mr. Carson could work Sundays, stopping scheduling Plaintiff for work, and terminating Plaintiff's employment.

44.

Defendant stopped scheduling Plaintiff for work and terminated Plaintiff's employment because of Plaintiff's sex and because Plaintiff reported sexual harassment and a hostile work environment at the hands of a man.

45.

Defendant did not terminate Mr. Carson, who engaged in the sexual harassment against Plaintiff, on the basis of sex.

46.

Defendant treated Plaintiff in a manner and degree Defendant has not applied to similarly-situated male employees by reducing her work to one day

per week and then ultimately stopping scheduling her for work and terminating her employment.

47.

Defendant's treatment of Plaintiff, including reducing her work to one day per week and then ultimately stopping scheduling her for work and terminating her employment, constitutes discrimination on the basis of sex and retaliation for reporting sexual harassment and a hostile work environment in violation of Title VII.

48.

Any purported legitimate, non-discriminatory reasons Defendant proffers for terminating Plaintiff's employment are pretext for discriminating against Plaintiff based upon her sex and retaliating against her for reporting sexual harassment and a hostile work environment.

49.

Defendant's acts and omissions culminating in termination of Plaintiff's employment constitute unlawful disparate treatment of Plaintiff because of her sex.

50.

As a result of Defendant's discriminatory practices, Plaintiff has been damaged; deprived of employment, promotion, raises, compensation, and

14

other terms and conditions of employment; and disciplined more severely than a male employee engaging in sexual harassment.

51.

As the proximate result of Defendant reducing Plaintiff's work days, stopping scheduling her for work, and terminating Plaintiff's employment on the basis of her sex and retaliation, Plaintiff has sustained losses of income, benefits, and promotional opportunities.

52.

As the proximate result of Defendant failing to remedy the sexual harassment Plaintiff was suffering at the hands of Defendant's employee, subjecting Plaintiff to a hostile work environment, and terminating Plaintiff's employment on the basis of her sex and retaliation, Plaintiff has suffered emotional distress, pain, and suffering, for which Plaintiff sought medical treatment and incurred treatment expenses in amounts to be proven at trial.

53.

Defendant is liable to Plaintiff for back pay and benefits and front pay and benefits she has lost as the proximate result of Defendant discriminating against her on the basis of sex and retaliating against her for reporting sexual harassment and a hostile work environment in amounts to be proven at trial.

54.

Defendant's conduct as stated in this Complaint constitutes disparate treatment, sexual harassment, failure to remedy a hostile work environment, and retaliation and shows that Defendant intentionally and willfully violated Title VII.  Defendant knew that its conduct violated the Title VII. Defendant's conduct shows malice or reckless disregard for Plaintiff's rights under Title VII.

55.

Plaintiff is entitled to recover from Defendant compensatory damages in amounts to be proven at trial pursuant under Title.

56.

Defendant is liable to Plaintiff for Plaintiff's emotional distress, pain, and suffering arising from Defendant discriminating against her on the basis of sex, subjecting Plaintiff to sexual harassment and a hostile work environment, and retaliating against her in an amount to be determined by the enlightened conscious of a fair and impartial jury.

57.

Plaintiff is entitled to recover from Defendant punitive damages in an amount sufficient to penalize, punish, and deter Defendant as provided by Title VII.

58.

Plaintiff is entitled to recover her costs and expenses of litigation, including attorney's fees, arising from Defendant discriminating against her on the basis of sex, subjecting her to sexual harassment and a hostile work environment, and retaliating against her as provided by Title VII and 42 U.S.C. § 1988.

## COUNT TWO

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59.

Plaintiff incorporates by reference paragraphs 1 through 58 of this Complaint as if set forth herein verbatim.

60.

Defendant's conduct in refusing to remedy the sexual harassment and hostile work environment Plaintiff endured and reported to Defendant, subjecting Plaintiff to sexual harassment and a hostile work environment, refusing to allow Plaintiff to work on Sundays so her harasser could work, stopping scheduling Plaintiff for work, and terminating Plaintiff's employment on the basis of unlawful discrimination and retaliation was (a) intentional or reckless and (b) extreme and outrageous.

61.

Defendant's conduct in refusing to remedy the sexual harassment and hostile work environment Plaintiff endured and reported to Defendant, subjecting Plaintiff to sexual harassment and a hostile work environment, refusing to allow Plaintiff to work on Saturdays so her harasser could work, stopping scheduling Plaintiff for work, and terminating Plaintiff's employment on the basis of unlawful discrimination and retaliation has caused Plaintiff emotional distress.

62.

The emotional distress suffered by Plaintiff as a result of Defendant's acts and omissions was and is severe.

63.

Defendant is liable to Plaintiff for the emotional distress she has suffered, and treatment expenses she has incurred, as a result of Defendant refusing to remedy the sexual harassment and hostile work environment Plaintiff endured and reported to Defendant, subjecting Plaintiff to sexual harassment and a hostile work environment, refusing to allow Plaintiff to work on Sundays so her harasser could work, stopping scheduling Plaintiff for work, and terminating Plaintiff's employment on the basis of unlawful discrimination and retaliation.

## COUNT THREE

## NEGLIGENCE

### 64.

Plaintiff incorporates by reference paragraphs 1 through 63 of this Complaint as if set forth herein verbatim.

### 65.

Defendant failed to exercise ordinary care in responding to Plaintiff's reports of sexual harassment and hostile work environment.

### 66.

Defendant failed to exercise ordinary care by retaining Mr. Carson as an employee after it learned of his sexual harassment of Plaintiff.

### 67.

Defendant failed to exercise ordinary care in supervising Mr. Carson by failing to stop his sexual harassment of Plaintiff and the resulting hostile work environment endured by Plaintiff.

### 68.

Each instance of Defendant's failure to exercise ordinary care stated above constitutes negligence.

69.

Defendant's negligence has caused Plaintiff to incur special damages including:

a.   Loss of income,

b.   Loss of benefits,

c.   Emotional pain and suffering,

d.   Medical and treatment expenses

for which Defendant is liable to Plaintiff.

70.

Defendant's negligence has caused Plaintiff general damages to be determined by the enlightened conscious of a fair and impartial jury, for which Defendant is liable to Plaintiff.

## COUNT FOUR

## PUNTIVE DAMAGES UNDER GEORGIA LAW

71.

Plaintiff incorporates by reference paragraphs 1 through 70 of this Complaint as if set forth herein verbatim.

72.

Defendant's actions show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

73.

Plaintiff is entitled to recover from Defendant punitive damages in an amount sufficient to punish or penalize Defendant or deter Defendant from engaging in such conduct in the future pursuant to O.C.G.A. § 51-12-5.1.

<u>COUNT FIVE</u>

<u>ATTORNEY'S FEES UNDER GEORGIA LAW</u>

74.

Plaintiff incorporates by reference paragraphs 1 through 73 of the Complaint as if set forth verbatim herein.

75.

Counsel for Plaintiff gave Defendant written notice of Plaintiff's assertions of discrimination, harassment, and retaliation in April 2021, and an opportunity to discuss resolution of all claims before pursuing a claim with the EEOC and before filing this lawsuit.  Plaintiff's claims remain unaddressed and unresolved.

76.

Defendant has acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble and expense.  Accordingly Plaintiff is entitled to recover her expenses of litigation, including attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

## JURY DEMAND

Plaintiff demands trial by jury to all issues so triable in this action.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(1)    Grant trial by jury;

(2)    Enter judgment in favor of Plaintiff and against Defendant for:

a.    Back pay and benefits,

b.    Front pay and benefits,

c.    Damages for Plaintiff's emotional distress,

d.    Compensatory damages in an amount to be proven at trial,

e.    Punitive damages under Title VII,

h.    Punitive damages under Georgia law, and

i.    Plaintiff's costs and expenses of litigation, including attorney's fees;

(3)     Order that Defendant reinstate Plaintiff's employment with all

promotions, raises, and benefits she would have received or to which she

would have been entitled had Defendant not engaged in unlawful

employment discrimination and enter judgment in favor of Plaintiff and

against Defendant for all back pay and benefit, losses, and damages she

incurred during the period beginning with Defendant's termination of

Plaintiff's employment through reinstatement;

(4)     Grant Plaintiff all relief to which this Court finds her entitled under

Title VII and other applicable law; and

(5)     Grant Plaintiff such further relief as this Court deems just and proper.

This 23rd day of September, 2022.

**SMITH, GILLIAM, WILLIAMS & MILES, P.A.**
Attorneys for Plaintiff

By:     */s/ M. Tyler Smith*
          M. Tyler Smith
          Georgia Bar No. 661685

P.O. Box 1098
Gainesville, Georgia 30503-1098
(770) 536-3381
tsmith@sgwmfirm.com

<u>CERTIFICATE OF FONT SIZE</u>

The undersigned counsel for Plaintiff certifies that this Complaint is prepared in Century Schoolbook font, 13 point.

This 23rd day of September, 2022.

**SMITH, GILLIAM, WILLIAMS & MILES, P.A.**
Attorneys for Plaintiff

By:    <u>*/s/ M. Tyler Smith*   </u>
M. Tyler Smith
Georgia Bar No. 661685